CHRISTIAN SHEPPARD, ET AL., *vs.* THE STATE, USE OF DANIEL WEISEL, ATTORNEY FOR CLAIMANTS.—*December* 1845.

A party for whom a sum of money is levied by the commissioners of a county, has a remedy upon the collector's bond for his payment. His rights are within the very terms of the bond.

The collector's bond is also answerable to a party for whom money is levied, who has given up to the collector the order of the commissioners on him, and received in lieu thereof, his due bill.

Where such a party has assigned away only a portion of his claim to another, or portions of it to several, who, also, obtained the collector's due bill, the bond is not answerable to such assignees; otherwise it would sanction a principle most burthensome to the securities.

Neither is the collector's bond responsible, where a bill of exchange, or order, drawn by the assignee of a claimant, under the levy, was accepted by the

collector, unless such acceptance were produced at the trial, to show it was not outstanding in the hands of third parties.

An accepted bill, unless drawn on a particular fund, does not operate to invest the payee with the character of an assignee of the fund.

APPEAL from *Washington* county court.

This was an action of *debt*, brought on the 19th November 1843, on the bond of the appellant and others, dated 16th May 1840, conditioned for the performance of the office of collector of *Washington* county, and the several duties required of him by law.

The plaintiff filed a list of claims and statement of facts, viz:

*List of claims against Christian Sheppard, late Collector of Taxes of Washington county, in the hands of Daniel Weisel, as attorney for Collection, viz:*

1.—*O. H. Williams'* order in favor of *Geo. Updegraff,* for one day's attendance, as a witness, to the grand jury, at November term 1840, of *Washington* county court,  -   -    -    -       $1 00

2.—*C. Sheppard's* due bill to *G. Brewer,* of 12th Jan'y 1842, for -    -    -       11 43

3.—*C. Sheppard's* due bill to *J. Snider,* of 6th June 1842, with interest from 28th Dec'r 1841, for   -    -    -       23 00

4.—*John T. Mason's* order on *C. Sheppard,* as collector of the taxes, in favor of *A. Armstrong,* dated Dec'r 17th 1840, and accepted same day, by *C. Sheppard,* for   -    -    - $106 35

      Cr. paid Oct'r 13th, 1842, -    -   18 81
                                      ———   87 54

     For use of *Geo. Fechtig,* exc'r of *M. Hammond.*

5.—*O. H. Williams'* order on *C. Sheppard,* as late collector for *Washington* county, dated 9th Oct'r 1841, in favor of *John Carr,* and accepted same day by *C. Sheppard,* late collector, the

Sheppard, et al., *vs.* The State.—1845.

same to be charged to *Gen'l Wil-liams'* account, for monies received, as collector, for him, for - - $166 00

Cr. Dec'r 30th, 1841, - - 8 76

$157 24

For use of *D. Weisel,* attorney for *Lot Ensey & Co.*

6.—Account of *Robert Catron,* against *C. Sheppard,* for bal. on tax book for 1840, - - - - - 213 76

Cr. in judgment already entered in No. 278, app's Mar. T. 1843, 52 83

160 93

7.—*John A. Weaver's* order, in favor of *Wesley Jefferson,* dated 8th June 1840. Accepted 7th Oct'r 1840, by *C. Sheppard,* collector, for - - 211 30

Cr. 21st Mar. 1841, $115 00

7th Feb. 1842, 21 00

136 00

75 30

For use of *Cunningham & Baker.*

8.—*James Condy's* order on *C. Sheppard,* dated 4th Sept. 1841, in favor of *Messrs. W. & T. Yeakle,* and ac-cepted 6th Nov'r 1841, by "*C. Shep-pard,*" for - - - - 100 00

$616 44

Deduct first order, (No. 1,) - - 1 00

615 44

Interest on all the orders to date of judgment, - - - - 120 24

$735 68

Interest on each of the above items to be properly calculated from the times when due, and to be added; and the above principal of $615.44, to bear interest from the date of the judgment, if the court give judgment on the claims for the plaintiff.

The above claims having been in the hands of *Daniel Weisel*, as attorney for collection, before November term, 1842, of *Washington* county court, and suit upon the bond or bonds of said *Christian Sheppard*, as collector, and his securities, and the securities having agreed to allow a judgment or judgments for the same, with the usual stay of execution, provided the said claiments are legally entitled to recover. And the said securities, by *Jervis Spencer*, their attorney, having examined the same, and being advised that they are not legally bound for the same, it is agreed between the said securities and the said claiments, by the said respective attorneys, that a suit or suits on said bonds of said collector, may be docketed against said *Sheppard* and his securities, as of November term 1842, and brought on by regular continuances, to the present November term 1843, of said court; the said suits to be for the use of *Daniel Weisel* as attorney for the claimants, on the claims in the foregoing list, and a statement of facts to be agreed on.

And in case the court should determine, that the claimants and drawers of said orders are entitled to recover on said bonds, or either of them, in all or any of said claims in said list, in the case so to be docketed and tried or argued, then judgment is to be entered at this present term, for so much as the court shall determine can be recovered on said bond or bonds, for the use of *Daniel Weisel*, as attorney for the respective claimants, with a stay of execution for six months; the said securities reserving the right of appeal, if the said questions of law be determined against them in the county court; and the said claimants reserving the right of appeal likewise.

It is further agreed, that if any of the claims in the foregoing list should be determined as recoverable on said *Sheppard's* bond, for the year 1839, the court may give judgment for the same in this suit, on the bond, for the year 1840, the obligors being the same on both bonds.

It was also agreed, that the books of the commissioners of *Washington* county present the following:

That the levy for the year 1840, was made on the 2nd day of June of that year, amounting to $33,264.15, as follows:

| | | |
|---|---|---|
| Amount of list of allowances, | | $22,712 54 |
| Commission for collecting, | | 1,496 98 |
| For roads, | | 5,375 00 |
| | | $29,584 52 |
| Surplus, | | 3,580 00 |
| | | $33,164 52 |

That in the said list of allowances are the following items:

| | | |
|---|---|---|
| For jurors and State's witnesses, | | $35 00 |
| Bridge fund, | | 3000 00 |
| To *Otho H. Williams,* | $686 70 | |
| Same, | 42 53 | |
| | | $729 23 |

That the levy for *O. H. Williams,* above was for fees due him by the county.

That appended to said "list of allowances" and levy, is the following order:

The value of property in this county being $10,080,045, it is ordered by the commissioners, that a rate of 33 cents per the $100 worth of taxable property, be collected by the collector, which will raise the sum of $33,264.15; which sum is to be applied by him to the aforegoing charges, including his commission for collection, and the payment of the amount appropriated for the repairs of the public roads, under the direction of the commissioners.

*June 2d,* 1840. Test, GEO. W. POST, Cl'k

And that *Christian Sheppard* was appointed collector of the taxes for *Washington* county, May 4th, 1840, and on June 2nd, 1840, he accepted the appointment, and exhibited the bond dated 16th May 1840, which was approved.

It is further agreed, that the following are the facts in relation to the claims filed in this cause, and embraced in the list accompanying the declaration, and numbered from 1 to 8, inclusive.

No. 1.—Is an outstanding order, which was not presented to the collector until after he had closed his account with the commissioners, for the year 1840.—And, on such settlement, the collector had overpaid the appropriation for the county

court expenses for that year; the commissioners having made a general appropriation for such expenses in June of that year.

No. 2.—A due bill to *George Brewer*, of 12th January 1842, for $11.43.—This was given by *Sheppard*, for a balance due to said *Brewer* as a supervisor of roads, for the year 1840. And when said due bill was given, the said *Brewer* gave up to said *Sheppard*, the commissioners' order on him; the said *Brewer* having called on him then for a settlement.

No. 3.—A due bill to *Jacob Snider*, of 6th June 1842, with interest from 28th December 1841, for $23.—This was given for a balance due on an order of *John A. Wever*, in favor of *Peter Stover*, for $30.

The commissioners made a levy in 1840, for the purpose of building a bridge, and the said *Wever* became the contractor for building it. He afterwards obtained an order from the commissioners on said bridge fund, and then gave an order on the collector for $30, to said *Stover*, who transferred it to *Jacob Snider*, which was lifted by the collector when he gave said due bill.

No. 4.—In the year 1840, the commissioners made a levy in favor of *George W. Smith*, for a printer's bill. The collector paid part of it to said *Smith*, who then directed the collector verbally, or orally, to pay the residue to said *John T. Mason*, and this order was given by *Mr. Mason* to *Alexander Armstrong*, for said residue; and was accepted by *Sheppard*, as appears on said order.

No. 5.—In the year 1840, the commissioners made a levy in favor of *Otho H. Williams*, of which an amount greater than that expressed in this order, was due the said *Williams* at the time of the drawing and acceptance of the same.

No. 6.—*Robert Catron's* claim, for $160.93.—That is a balance due *Catron*, on certain orders in favor of said *Catron* from individuals, for whom specific levies were made by the commissioners, in the years 1839, and 1840; and unsatisfied.

No. 7.—*John A. Wever's* order, in favor of *Wesley Jefferson*, of 8th June 1840, for a balance, after allowing credits endorsed on it, for $75.30.

The commissioners made a levy for building a bridge, in 1840, and the said *Wever* was the contractor for building it.

This order was drawn by said *Wever* on said *Sheppard,* more than the amount of said order being then due said *Wever,* for said bridge; and the said *Wever* charged with said order, when accepted by said *Sheppard.*

No. 8.—*James Condy's* order on *C. Sheppard,* of 4th September 1841, in favor of the *Messrs. Yeakle,* for $100. *James Condy* was entitled to a levy made by the commissioners in his favor, as a member of the board, in 1840, and he executed said order for the said sum; the said levy being then due to him. The said *Sheppard,* afterwards, gave a due bill to the said *Messrs. Yeakle,* payable in ten days, for the amount, which the said *Yeakles* took, and held for some time; they still retaining the said order. The said due bill was then returned to said *Sheppard,* and received by him; and suit was afterwards brought on said order, and a judgment rendered by *George W. Smith, Esq.,* a justice of the peace, for the amount thereof; which was superseded for twelve months, from and after the 18th day of April, 1842, and the superseder became insolvent before the judgment became due.

We agree to the foregoing statement of facts :

D. WEISEL,
Attorney for plaintiff.

WM. PRICE,
JERVIS SPENCER,
Attorneys for defendants.

The attorney of the plaintiff having calculated the interest on the several claims, sued on in the above, to the date of the judgment, viz: 9th April 1844, amounting, in all, to $120.24, agreed, that if any errors be discovered in said calculation, the same shall be corrected.

The following are the orders and claims referred to in the aforegoing list of claims:

No. 1.

*By Washington County Court, November Term* 1840.

Ordered, by the court, that *Washington* county pay unto *George Updegraff* the sum of one dollar, for one day's attendance, this term, as a witness to grand jury.

O. H. WILLIAMS, Cl'k.

Sheppard, et al., *vs.* The State.—1845.

### No. 2.

*Hagerstown, January 12th, 1842.*

Due *Mr. George Brewer,* eleven dollars and forty-three cents, for value received.

$11 43.            C. SHEPPARD.

### No. 3.

*Hagerstown, June 6th, 1842.*

Due *Jacob Snider,* twenty-three dollars, for value received, with interest, from 28th December 1841.

$23 00.            C. SHEPPARD.

### No. 4.

$106 35.—*Mr. C. Sheppard,* collector of the tax for *Washington* county, will please pay *A. Armstrong* one hundred and six dollars and thirty-five cents, and oblige,

December 17th 1840.       JNO. THOMPSON MASON.

Accepted, 17th December 1840.       C. SHEPPARD.

October 13th, 1842.    Paid on the within order eighteen dollars and eighty-one cents.

$18 81.            GEO. FECHTIG.

### No. 5.

*Hagerstown, Oct. 9th, 1841.*

$166.—Sir, pay to *John Carr,* or order, one hundred and sixty-six dollars, and charge the same to my account, for monies received, as collector, for me.     O. H. WILLIAMS, Cl'k.

To *Christian Sheppard,*

Late collector for *Washington* county.

Accepted October 9th 1841.

C. SHEPPARD, late Collector.

1841, December 30.—By cash to *D. Weisel,* on settlement of acts between him and *Sheppard,* on tax book, 1840, $8.76.

CHRISTIAN SHEPPARD, late Collector.

### No. 6.

*To Robert Catron, Dr.*

To bal. on Tax Book for 1840,          $213 76
       Interest fr. 1st Feb'y 1841.

Cr. this am't in confession of judgm't.       52 83

## No. 7.

$211 30.—Two hundred and eleven dollars.—Settled with *Westley Jefferson*, and remains due him, $211 30, it being for value received of him.    As witness my hand, this 8th of June 1840.                                        JOHN A. WEVER.

October 1840.—Pay *Cunningham & Baker*, or bearer.
WESTLY JEFFERSON.

Accepted October 7th 1840.
CHRISTIAN SHEPPARD, Collector.

On the back of the foregoing, (No. 7,) appear the following endorsements:—

March 31st, 1841.—Pd. on the within,            $115 00
Feb'y 7th, 1842.—Received on the within,          21 00

## No. 8.

*Hagerstown, September 4th,* 1841.

$100.—*Mr. C. Sheppard* will please pay *Messrs. W. & T. Yakle* one hundred dollars.    And oblige yours, &c.

JAS. CONDY.

Accepted, 6th November 1841.

C. SHEPPARD.

Upon this statement of facts, the county court entered judgment for the plaintiff, and for the whole amount of the claims filed, with interest from 9th April 1844, and costs.

The defendants appealed to this court.

The cause was argued before ARCHER, C J., DORSEY, MAGRUDER and MARTIN, J.

By JERVIS SPENCER for the appellants, and
By WEISEL for the appellees.

ARCHER, C. J., delivered the opinion of this court.

Upon the case stated, there can be no doubt of the right of the plaintiff to recover, so far as regards any claimant who held the original levy.    His rights would be within the very terms of the bond.

Such of the claimants as held due bills, will also be entitled to a judgment.    They obtained equitable assignments of the

38      v.3

orders    The due bills were promises to pay to them the amount of such assignments, and they might maintain an action in their own names on the bond, or use the names of their assignors.

Some of these claimants, however, obtained drafts on the collector.    These drafts, except, perhaps, No. 5, are bills of exchange, being payable on no contingency, and not out of any particular fund; and the payees could never recover on the original consideration against the drawers, without proving notice of non-payment of the acceptances which is not done. The payees, then, would have no remedy against the drawers without such proof, and their only remedy for the recovery of the sums due them, would be against the collector on his acceptances.

The holders of the levy could not sue, unless they could produce the acceptances, to show they were not outstanding in the hands of third parties.    Indeed, this would be impossible for them to do, because the case stated shows, that these acceptances are outstanding in the hands of the payees.

In what condition would the collector be placed, if the original holders of the levy could sue him on the original consideration?    Certainly the payees would have a right to sue and recover on the acceptances, and if so, he would be liable to a double recovery.

So far, therefore, as regards the claims arising on the drafts or bills of exchange, the drawer's remedy on the original levy is gone.    They cannot sue on such levy, because they have drawn bills which have been accepted, and which are now outstanding.    The holders, therefore, of these acceptances could not sue in the name of the drawers: nor can the claimants, on these bills of exchange, sue as assignees.    Even an accepted bill, unless drawn on a particular fund, does not operate to invest the payee with the character of an assignee of the fund.    The case, in 5 *Hill*, 418, is decisive upon this point.    See, also, *Harrison vs. Williamson*, 2 *Edw. Rep.*, 430, where it is said, "a bill of exchange has not the effect of an assignment of the money for which it is drawn, in the hands of the drawee, unless, perhaps, where it is drawn on a

particular fund; and then, indeed, by the *Law Merchant*, it loses its character as a bill of exchange. The remedy of the payee of such bill, is only to be found in a suit on the accepted bill.

Some of the claims are on orders in favor of individuals for portions, only, of the claim of the drawers, for which, levies had been made in their behalf. To make the securities liable in such cases, would sanction a principle most burthensome to securities, and would put it in the power of individuals, in whose behalf levies should be made, by creating numerous assignees of portions of such levies, to burthen the securities with costs, in case of a failure of the collector to pay, to which they would not be subjected, if there had been an entire assignment.

It will follow, from the above principles, that the following claims ought to be allowed, viz: Nos. 2 and 6. And the following claims rejected, Nos. 1, 3, 4, 5, 7 and 8; and we shall direct judgment to be entered accordingly, such being the judgment the county court ought to have entered.

JUDGMENT REVERSED, &c.